IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANICE E. MASCIANTONIO**, *et al.*, | : | **CIVIL ACTION NO. 4:13-cv-0797** |
| **Plaintiffs** | : | **(Chief Judge Conner)** |
| v. | : | |
| **SWEPI LP**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 9th day of September, 2014, upon consideration of the report (Doc. 31) of Magistrate Judge Karoline Mehalchick (Doc. 20), recommending the court deny the motion (Doc. 6) to dismiss filed by defendant SWEPI LP ("SWEPI"), seeking dismissal of the complaint (Doc. 1) filed by plaintiffs Janet E. Masciantonio, Martin J. Masciantonio, Paul R. Latshaw, and Paul B. Latshaw (collectively, "plaintiffs"), for failure to state a claim for which relief can be granted, wherein Judge Mehalchick concludes that the oil and gas lease agreements entered into between plaintiffs and SWEPI are susceptible to multiple, reasonable interpretations and thus ambiguous, (see Doc. 31 at 26), and, after an independent review of the record, the court noting that

SWEPI filed objections[1] (Doc. 32) to the Magistrate Judge's report, and a brief (Doc. 33) in support of its objections, on August 7, 2014, and the court finding Judge Mehalchick's analysis to be thorough, well-reasoned, and fully supported by the record, and the court

---

[1] When a party objects to a magistrate judge's report and recommendation, the district court performs a *de novo* review of the contested portions of the report. See Behar v. Pa. Dep't of Trans., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections." LOCAL RULE OF COURT 72.3; also Behar, 791 F. Supp. 2d at 389 (citing Shields v. Astrue, Civ. No. 07-417, 2008 U.S. Dist. LEXIS 74519, at *6 (M.D. Pa. Sept. 8, 2008)).

further finding defendants' objections to be without merit and squarely addressed by Judge Mehalchick's report,[2] it is hereby ORDERED that:

1. The report (Doc. 61) of Magistrate Judge Mehalchick is ADOPTED.

2. Defendants' motion (Doc. 6) to dismiss plaintiffs' complaint is DENIED.

3. An order setting this matter for a case management conference shall issue forthwith.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] In its objections, SWEPI reiterates many of the same arguments raised before and rejected by the Magistrate Judge. Importantly, Judge Mehalchick does not hold that SWEPI's interpretation of the lease is unreasonable, or that plaintiffs' interpretation controls as a matter of law. Judge Mehalchick merely holds that SWEPI has failed to "demonstrate that its interpretation is the *only* reasonable interpretation" at this preliminary stage. (Doc. 31 at 26 (emphasis in original)). At this juncture, the court agrees with Judge Mehalchick's ultimate conclusion that the parties' oil and gas lease agreements are susceptible to multiple, reasonable interpretations. Moreover, the court notes that the bulk of SWEPI's objections turn on broad statements of industry custom and practice which are not yet substantiated by a factual record. The vast majority of decisional law cited by SWEPI presents in a summary judgment posture, with a fully developed record to guide the courts' respective analyses. See, e.g., Roe v. Chief Exploration & Dev. LLC, Case Nos. 4:11-CV-816, 4:11-CV-697, 4:11-CV-579, 2013 U.S. Dist. LEXIS 113914 (M.D. Pa. Aug. 13, 2013) (rejecting lessor plaintiffs' proposed interpretation at Rule 56 stage); Martin v. Turner Oil & Gas Props., No. 1:11-CV-102, 2013 U.S. Dist. LEXIS 39377 (D.N.D. Mar. 21, 2013) (same); also Green Meadow Oil & Gas Corp. v. EOG Resources, Inc., 390 S.W.3d 625 (Tex. App. 2012). The court concludes that resolution of the apparent ambiguities in the lease agreements, including the consideration of extrinsic evidence and the impact of industry custom and practice, necessarily must await summary judgment.